**WO**                                                                                           MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph A. Trenton, | ) | No. CV 07-2050-PHX-MHM (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Defendants. | ) | |

Plaintiff, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1), a "Declaration in Support of the Plaintiff['s] Attempts to Exhaust Administrative Remedies" (Doc. #3), and an Application to Proceed *In Forma Pauperis* (Doc. #4). The Court will order Defendants Schriro, Rollins, Rivas, Curran, Araujo, Hargrove, Bleichroth, Stark, and Rodriguez to answer Counts One and Two of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

**TERMPSREF**

the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

In his four-count Complaint, Plaintiff sues the following employees of the Arizona Department of Corrections (ADOC): Director Dora B. Schriro, Northern Regions Operations Director Bennie Rollins, Warden David Rivas, Deputy Warden Curran, Lieutenant Araujo, Captain Sigona, Correctional Officer (C.O.) III Hargrove, C.O. III Bruemmer, C.O. Bleichroth, C.O. Stark, Nurse Rodriguez, Dr. E. Vinluan, and C.O. John Doe. Plaintiff also sues Defendant West Valley Hospital, a hospital that is allegedly retained by ADOC to provide medical services, and Defendant Dr. John Doe, a doctor employed by Defendant West Valley Hospital.

In Count One, Plaintiff alleges that Defendants Schriro, Bleichroth, Stark, Bruemmer, Rodriguez, Vinluan**,** and Araujo were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, Plaintiff alleges that he was suffering from severe back pain, that he requested emergency medical attention on multiple occasions but did not receive it, was threatened with discipline if he did not stop complaining, finally received medical care two weeks after his initial request, and then had to wait two months for a magnetic resonance imaging (MRI) test. He complains about the medication he received from Defendant Vinluan and alleges that Defendant Vinluan laughed at him, called him a liar, and did not allow

TERMPSREF

- 2 -

Plaintiff to explain his symptoms.  He also asserts that Defendant Schriro failed to have an "adequate protocol for responding to Plaintiff's emergency medical needs, or fail[ed] to provide properly trained staff who could assess and remedy Plaintiff's medical needs."

In Count Two, Plaintiff alleges that Defendants Schriro, Rollins, Rivas, Curran, Hargrove, and Araujo failed to protect Plaintiff from a well-known, well-documented threat of attack, despite their personal awareness of the threat, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  He also alleges that Defendant C.O. John Doe did not stop the attack once it had begun.

In Count Three, Plaintiff alleges that Defendant West Valley Hospital and Defendant Dr. John Doe were deliberately indifferent because they did not acknowledge Plaintiff's serious medical needs and discharged him prematurely, in violation of the Eighth Amendment prohibition against cruel and unusual punishment and the state statutory tort of medical malpractice/negligence.

In Count Four, Plaintiff alleges that Defendants Schriro and Sigona violated his First and Fourteenth Amendment rights by "sanctioning and condoning improper [d]isciplinary proceedings, which were written out of retaliation toward Plaintiff, and was conducted in an attempt to hide the events described in [Count Two]."  Plaintiff alleges that Defendant Schriro is aware that her disciplinary procedures "routinely violate inmate rights" but she refuses to take corrective action. Plaintiff also alleges that Defendant Sigona violated ADOC policy when he changed the disciplinary charge at the hearing, thereby preventing Plaintiff from having an opportunity to investigate the new charge. Plaintiff contends that Defendants Schriro and Sigona denied Plaintiff notice of the charge against him, staff assistance, the right to present witnesses, deprived him of due process, and allowed the disciplinary charge to stand in an attempt to bar Plaintiff from seeking redress for Count Two.

In his Prayer for Relief, Plaintiff seeks declaratory and injunctive relief and monetary damages.

. . . .

. . . .

**IV.    Failure to State a Claim**

    **A.    Counts One and Three**

The Court notes that a claim by a prisoner that he has received inadequate medical treatment arises under the Eighth Amendment. However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.

To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

In Count One, Plaintiff alleges he requested medical attention from Defendant Bruemmer and Defendant Bruemmer gave Plaintiff an emergency health needs request form. Plaintiff further alleges that Defendant Rodriguez stated she made the decision not to see Plaintiff or obtain treatment for him. These allegations do not state a claim for deliberate indifference against Defendant Bruemmer. Therefore, the Court will dismiss without prejudice Count One against Defendant Bruemmer.

Similarly, once Defendant Vinluan saw Plaintiff, he prescribed medication and ordered an MRI. Plaintiff's allegations against Defendant Vinluan may be claims of indifference, negligence, or medical malpractice, or may raise issues of differences in opinion regarding the medication Plaintiff should have received, but they are insufficient to state a claim of deliberate indifference against Defendant Vinluan. Therefore, the Court will dismiss without prejudice Count One against Defendant Vinluan.

In Count Three, Plaintiff's Eighth Amendment claims against Defendants West Valley Hospital and Dr. John Doe are based on their failure to provide adequate medical care. This is insufficient to state a claim of deliberate indifference. In addition, 42 U.S.C. § 1983 does not provide a cause of action for violations of state law. Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). Thus, asserting claims under Arizona statutes does not state a claim under § 1983. Therefore, the Court will dismiss Count Three and Defendants West Valley Hospital and Dr. John Doe.

**B.     Count Two - Defendant C.O. John Doe**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

1    A prison official violates the Eighth Amendment in failing to protect an inmate only
2    when two conditions are met.  First, the alleged constitutional deprivation must be,
3    objectively, "sufficiently serious;" the official's act or omission must result in the denial of
4    "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834.  Second, the
5    prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with
6    deliberate indifference to inmate health or safety. Id.  In defining "deliberate indifference"
7    in this context, the Supreme Court has imposed a subjective test: "the official must both be
8    aware of the facts from which the inference could be drawn that a substantial risk of serious
9    harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

10   Deliberate indifference is a higher standard than negligence or lack of ordinary due
11   care for the prisoner's safety. Id. at 835.  A merely negligent failure to protect an inmate is
12   not actionable under § 1983.  Davidson v. Cannon, 474 U.S. 344, 347 (1986).

13   Plaintiff alleges Defendant C.O. John Doe was in the gun tower when Plaintiff was
14   attacked and did not order the inmates to stop attacking Plaintiff.  Plaintiff alleges that
15   Defendant C.O. John Doe had "no reason not to stop [Plaintiff's] beating, other than wanting
16   to allow inmates to kill [Plaintiff]."  Plaintiff's allegation is entirely speculative and does not
17   state a claim of deliberate indifference.  Thus, the Court will dismiss Count Two against
18   Defendant C.O. John Doe.

19   **C.    Count Four**

20   In Count Four, Plaintiff asserts a Fourteenth Amendment due process claim and a First
21   Amendment retaliation claim.

22   **1.    Due Process**

23   In analyzing a due process claim, the Court must first decide whether Plaintiff was
24   entitled to any process, and if so, whether he was denied any constitutionally-required
25   procedural safeguard.

26   Liberty interests which entitle an inmate to due process are "generally limited to
27   freedom from restraint which, while not exceeding the sentence in such an unexpected
28   manner as to give rise to protection by the Due Process Clause of its own force, nonetheless

1 imposes atypical and significant hardship on the inmate in relation to the ordinary incidents
2 of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).
3 Therefore, to determine whether an inmate is entitled to the procedural protections afforded
4 by the Due Process Clause, the Court must look to the particular restrictions imposed and ask
5 whether they "'present the type of atypical, significant deprivation in which a state might
6 conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995)
7 (quoting Sandin, 515 U.S. at 486).

8 To determine whether the sanctions are atypical and a significant hardship, courts look
9 to prisoner's conditions of confinement, the duration of the sanction, and whether the
10 sanction will affect the duration of the prisoner's sentence. See Keenan v. Hall, 83 F.3d
11 1083, 1089 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but
12 turns on the importance of the right taken away from the prisoner. See Carlo v. City of
13 Chino, 105 F.3d 493, 499 (9th Cir. 1997).

14 Plaintiff has not identified what disciplinary sanctions he received. Therefore, it is
15 impossible to assess whether the sanctions imposed an atypical and significant hardship.
16 Therefore, Plaintiff has failed to state a claim for a violation of his due process rights in
17 Count Four.

18 **2.     Retaliation**

19 A viable claim of First Amendment retaliation contains five basic elements: (1) an
20 assertion that a state actor took some adverse action against an inmate (2) because of (3) that
21 inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First
22 Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not
23 reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-
24 68 (9th Cir. 2005); see also Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) ("A
25 prisoner suing prison officials under section 1983 for retaliation must allege that he was
26 retaliated against for exercising his constitutional rights and that the retaliatory action does
27 not advance legitimate penological goals, such as preserving institutional order and
28 discipline.").

1  Plaintiff has failed to state a claim of retaliation because he does not allege that
2  receiving a disciplinary report chilled his exercise of his First Amendment rights or that he
3  suffered more than minimal harm.  Nor does he allege that the disciplinary report did not
4  advance a legitimate correctional goal.  Therefore, Plaintiff has failed to state a claim of
5  retaliation in Count Four.

6  Because Plaintiff has failed to state a due process or retaliation claim in Count Four,
7  the Court will dismiss without prejudice Count Four.

**VI.    Claims for Which an Answer Will be Required**

9  Liberally construed, Plaintiff has stated a claim in Count One against Defendants
10 Schriro, Bleichroth, Stark, Araujo, and Rodriguez and a claim in Count Two against
11 Defendants Schriro, Rollins, Rivas, Curran, Hargrove, and Araujo.  The Court will order
12 these Defendants to answer Counts One and Two.

**VII.   Warnings**

**A.      Release**

15 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
16 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
17 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
18 in dismissal of this action.

**B.      Address Changes**

20 Plaintiff must file and serve a notice of a change of address in accordance with Rule
21 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
22 relief with a notice of change of address.  Failure to comply may result in dismissal of this
23 action.

**C.      Copies**

25 Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
26 of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate
27 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

1 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
2 may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #4), is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Counts Three and Four and Defendants Sigona, Bruemmer, Vinluan, West Valley Hospital, Dr. John Doe, and C.O. John Doe are **dismissed** without prejudice.

(4) Defendants Schriro, Rollins, Rivas, Curran, Araujo, Hargrove, Bleichroth, Stark, and Rodriguez. must answer Counts One and Two.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), the "Declaration in Support of the Plaintiff['s] Attempts to Exhaust Administrative Remedies" (Doc. #3), this Order, and both summons and request for waiver forms for Defendants Schriro, Rollins, Rivas, Curran, Araujo, Hargrove, Bleichroth, Stark, and Rodriguez.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, the "Declaration in Support of the Plaintiff['s] Attempts to Exhaust Administrative Remedies," and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, the "Declaration in Support of the Plaintiff['s] Attempts to Exhaust Administrative Remedies," and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Schriro, Rollins, Rivas, Curran, Araujo, Hargrove, Bleichroth, Stark, and Rodriguez must answer the Complaint or otherwise respond by appropriate motion

TERMPSREF

- 10 -

1 within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of
2 Civil Procedure.

3     (12) Any answer or response must state the specific Defendant by name on whose
4 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
5 does not identify the specific Defendant by name on whose behalf it is filed.

6     (13) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
7 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

8     DATED this 19th day of February, 2008.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 11 -